**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| TERRY BURNETT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 19-cv-00628-SMY |
| | ) | |
| NATHAN CHAPMAN, | ) | |
| DMD ANDY, | ) | |
| JILL L. MARTIN, | ) | |
| WEXFORD HEALTH SOURCES, INC, | ) | |
| LOUIS SHICKER and | ) | |
| MICHELLE NEESE, | ) | |
| | ) | |
| Defendants. | ) | |

# **MEMORANDUM AND ORDER**

**YANDLE, District Judge:**

Plaintiff Terry Burnett, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Lincoln Correctional Center, brings this action pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights related to inadequate dental care while at Robinson Correctional Center. He seeks monetary and injunctive relief.[1]

This case is now before the Court for preliminary review of the Amended Complaint. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a Complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C.

---

[1] The original Complaint was dismissed without prejudice for failure to state a claim on preliminary screening under 28 U.S.C. § 1915A. (Doc. 6).

1

§ 1915A(b).  At this juncture, the factual allegations are liberally construed.  *Rodriguez v. Plymouth Ambulance Serv*., 577 F.3d 816, 821 (7th Cir. 2009).

## The Amended Complaint

Plaintiff makes the following allegations in the Amended Complaint (Doc. 13): On December 26, 2018, Plaintiff began having dental discomfort due to a broken tooth and loss of a filling. (Doc. 13, p. 12).  Plaintiff was seen by Defendant Dr. Chapman on January 5, 2019, who placed a temporary filling.  (*Id.*, p. 13).  The temporary filling fell out on January 15, 2019, and Plaintiff was seen by Dr. Chapman on February 1.  (*Id*, p. 14).  Dr. Chapman told Plaintiff the tooth was infected, prescribed antibiotics and pain medication, and scheduled him for a tooth extraction which was performed on February 15, 2019.  (*Id.*).

On February 19, 2019, Plaintiff was seen by a nurse who called Defendant Martin, a dental nurse.  (*Id.*, p. 15).  Martin told her it was a sinus infection or problem.  Plaintiff was given more pain medication.  (*Id.*).

Plaintiff was seen again at the Health Care Unit on February 26, 2019, given antibiotics and pain medication, and put on the dental list.  On March 5, 2019, a piece of tooth or bone dislodged from the area of the extracted tooth and Martin gave Plaintiff gauze to help stop the bleeding.  (*Id*., p. 16).  Other pieces fell out or he removed them himself.  (*Id.*, pp. 16-17).

Plaintiff saw Martin and Defendant Andy, a dental assistant on May 25, 2019.  (*Id.*, p. 17). He told them the pain had subsided and they told him he was free to leave.  (*Id.*).  Plaintiff asked about a referral to an outside orthodontist and they told him it would have to be approved by the Care Review Committee and Wexford's Collegial Board.  (*Id.*).  They also told him such approval was unlikely.

Based on the allegations in the Amended Complaint, the Court finds it convenient to designate the following Count in this *pro se* action:

> **Count 1:** Eighth Amendment claim for deliberate indifference to a serious medical need against Dr. Chapman, Andy, Martin, Shicker and Wexford.

The parties and the Court will use this designation in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Amended Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.**[2]

## Discussion

Deliberate indifference to serious medical needs of prisoners may constitute cruel and unusual punishment under the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To state a claim, an inmate must adequately allege that: (1) he suffered from an objectively serious medical need; and (2) state officials acted with deliberate indifference to the prisoner's medical need, which is a subjective standard. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Plaintiff has adequately pled that he suffered from an objectively serious medical need; a broken tooth and subsequent infection.

Plaintiff alleges that Dr. Chapman chose to give him a temporary filling instead of extracting his tooth despite knowing extraction was required. A doctor's choice of the "easier and less efficacious treatment" for an objectively serious medical condition can constitute deliberate indifference for purposes of the Eighth Amendment. *Berry v. Peterman*, 604 F.3d 435, 441 (7th Cir. 2010). Plaintiff has therefore stated a claim against Dr. Chapman.

---

[2] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

Plaintiff has failed to state a viable claim against Shicker or Neese. A governmental official may not be held liable under § 1983 for the unconstitutional conduct of a subordinate because the doctrine of *respondeat superior* is inapplicable in this context. *Ashcroft v. Iqbal*, 556 US. 662, 676 (2009). Liability requires personal involvement in or personal responsibility for the deprivation of a constitutional right. *Knight v. Wiseman*, 590 F.3d 458, 462-63 (7th Cir. 2009) (citation omitted). Plaintiff does not describe any personal involvement by Neese, the Acting Warden of Robinson, that would support individual liability. Because there is no grounds for injunctive relief (as discussed below), there is also no basis for liability in her official capacity.

Although Shicker is Medical Director for IDOC, as previously noted, he cannot be held responsible on the basis of *respondeat superior* or supervisory liability. Additionally, although Plaintiff alleges he sent a letter to Shicker regarding his treatment, this does not suffice to show personal involvement. *See Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009) (state officials "do not have a free-floating obligation to put things to rights," simply sending an official a letter does not expose them to Section 1983 liability for failing to respond, and IDOC officials are entitled to delegate to the prison's medical staff the provision of adequate care).

Plaintiff fails to allege any acts suggesting deliberate indifference by Defendants Martin or Andy. He claims Andy was present at the May 25, 2019 consultation when Plaintiff told him and Martin the pain had subsided. Simply informing Plaintiff that a request to see an outside orthodontist would be subject to several reviews and would likely be denied is not deliberate indifference, especially when Plaintiff's condition had resolved. Similarly, Plaintiff's allegations are insufficient to support a deliberate indifference claim against Martin. Plaintiff merely states that Martin told another nurse that plaintiff had a sinus infection or issue during a phone call. There are no allegations suggesting that Martin knew or had reason to know Plaintiff's tooth was infected

at that time. As such, the subjective component of the claim has not been adequately pled. *See Whiting v. Wexford Health Sources, Inc.*, 839 F.3d 658, 662 (7th Cir. 2016).

Plaintiff also fails to state a claim against Wexford. To state a claim against a corporation contracting with a state to provide prison medical services, a plaintiff must demonstrate that the wrongdoers acted pursuant to an unconstitutional policy or custom, and that the policy was the moving force behind the constitutional violation. *Shields v. Ill Dep't of Corr.*, 746 F.3d 782, 790 (7th Cir. 2014); *Perez v. Fenoglio*, 792 F.3d 768, 780 & n. 5 (7th Cir. 2015); *Gable v. City of Chicago*, 296 F.3d 531, 537 (7th Cir. 2002). Plaintiff's sole allegation against Wexford is that it was "responsible for establishing a uniform written procedure for dental services." (Doc. 13, p. 3). There is no allegation that any of the policies were unconstitutional, or that they were connected with his alleged injuries.

Finally, although Plaintiff's claim against Dr. Chapman survives screening for monetary damages, he has not pled any facts to suggest entitlement to the injunctive relief he seeks. Plaintiff was transferred to Lincoln Correctional Center at approximately the time he filed the Amended Complaint. (Doc. 11). His request for prospective injunctive relief is therefore rendered moot. *See Higgason v. Farley*, 83 F.3d 807, 811 (7th Cir. 1996). If Plaintiff believes he is still receiving constitutionally deficient care at Lincoln, he must file a new lawsuit raising that claim.

### Motion for Recruitment of Counsel

Plaintiff has filed a renewed Motion for Recruitment of Counsel in which he states counsel is necessary because the case involves legal terminology and he may not be able to obtain work history discovery due to security restrictions. (Doc. 14).[3] It appears that Plaintiff has made

---

[3] In evaluating Plaintiff's Motion for Recruitment of Counsel, the Court applies the factors discussed in *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) and related authority.

reasonable efforts to obtain counsel on his own. That said, Plaintiff's pleadings indicate that he can read and write in English effectively and is competent to pursue this litigation at this juncture without representation. Plaintiff may refile his motion once discovery has commenced if he encounters significant difficulty.

## Disposition

For the foregoing reasons, all claims against DMD Andy, Jill L. Martin, Wexford Health Sources, Inc., Louis Shicker and Michelle Neese are **DISMISSED without prejudice**. The Clerk of Court is **DIRECTED** to **TERMINATE** these defendants as parties in CM/ECF. Plaintiff's Motion for Recruitment of Counsel (Doc. 14) is **DENIED without prejudice**.

The Clerk of Court shall prepare for Defendant Chapman: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Amended Complaint, and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff. If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If Defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the Amended Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).  **Pursuant to Administrative Order No. 244, Defendant need only respond to the issues stated in this Merits Review Order.**

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

The Clerk of Court is **DIRECTED** to **ENTER** the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

Plaintiff is **ADVISED** that he is under a continuing obligation to inform the Clerk of Court and the opposing party of any address changes; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  JUNE 22, 2020**

*s/ Staci M. Yandle*
**STACI M. YANDLE**
**United States District Judge**

## Notice

The Court will take the necessary steps to notify the appropriate Defendant of your lawsuit and serve the Defendant with a copy of your Amended Complaint. After service has been achieved, the Defendant will enter his/her appearance and file an Answer to the Amended Complaint. It will likely take at least **60 days** from the date of this Order to receive the Defendant's Answer, but it is entirely possible that it will take **90 days** or more. When the Defendant has filed an Answer, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the Defendant before filing any motions, to give the Defendant notice and an opportunity to respond to those motions. Motions filed before Defendant's counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**