## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TERRY BURNETT, | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | )   **Case No. 19-cv-00628-SMY** |
| | ) |
| NATHAN CHAPMAN, | ) |
| | ) |
| **Defendant.** | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

This matter is before the Court on Plaintiff's Motion to Reconsider the Court's Order granting Defendant's Motion to Set Aside the Clerk's Entry of Default.  (Doc. 55).  For the following reasons, Plaintiff's motion is **DENIED**.

The Court screened Plaintiff's Amended Complaint pursuant to 28 U.S.C. § 1915A on June 22, 2020 (Doc. 20) and Defendant Dr. Chapman was sent a request for Waiver of Service of Summons (Doc. 21).  Dr. Chapman returned the executed Waiver of Service of Summons and his responsive pleading was due by August 24, 2020.  (Doc. 23).  However, Dr. Chapman failed to move, answer, or otherwise plead in response to the Amended Complaint, and as a result, on September 14, 2020, the Court issue an Order directing the Clerk to enter default against him in accordance with Federal Rule of Civil Procedure 55(a).  (Doc. 25).  The Clerk's Entry of Default was docketed the next day.  (Doc. 26).  Dr. Chapman filed a Motion to Set Aside Clerk's Entry of Default on September 23, 2020 and a Supplement to the motion on September 25, 2020.  (Doc. 30, 34).  The Court held a hearing on the motion on November 18, 2020 and concluded that Dr. Chapman had established good cause for setting aside default. (Doc. 49).

While the Federal Rules of Civil Procedure do not explicitly contemplate motions to

reconsider, such motions are routinely filed and generally construed as motions to alter or amend an order or judgment under Rule 59(e). *Mares v. Busby*, 34 F.3d 533, 535 (7th Cir. 1994); *U.S. v. Deutsch*, 981 F.2d 299, 300 (7th Cir. 1992). Rule 59(e) allows a court to alter or amend a judgment in order to correct manifest errors of law or fact or to address newly discovered evidence. *Obriecht v. Raemisch*, 517 F.3d 489, 494 (7th Cir. 2008). Plaintiff contends the Court erred in setting aside the Clerk's entry of default because Dr. Chapman did not show good cause for failing to timely respond to the Amended Complaint nor did he show a meritorious defense.

Under Federal Rule of Civil Procedure 55(c), "[t]he court may set aside an entry of default for good cause …." Fed.R.Civ.P. 55(c). "A party seeking to vacate an entry of default prior to the entry of final judgment must show: (1) good cause for the default; (2) quick action to correct it; and (3) a meritorious defense to the complaint." *Cracco v. Vitran Exp., Inc.*, 559 F.3d 625, 630 (7th Cir. 2009). Here, although Dr. Chapman should have taken measures to ensure his waiver of service was forwarded to the appropriate person, there is no evidence that he acted willfully in failing to respond to the Amended Complaint or willfully ignored the pending litigation. Further, he acted in a timely fashion to have the default order set aside. Thus, the Court finds that the purpose and intent of Rule 55(c) was fulfilled and that the Order setting aside the entry of default was within its discretion. Accordingly, Plaintiff's motion is **DENIED**.

**IT IS SO ORDERED.**

**DATED: January 26, 2021**

*s/ Staci M. Yandle*_____
**STACI M. YANDLE**
**United States District Judge**