IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **TERRY BURNETT, #B14533,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Case No. 3:19-cv-00628-SMY |
| | ) |
| **NATHAN CHAPMAN,** | ) |
| | ) |
| **Defendant.** | ) |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

This matter is before the Court on Defendant Nathan Chapman's Motion for Summary Judgment (Doc. 79).

## BACKGROUND

Plaintiff Terry Burnett filed an Amended Complaint pursuant to 42 U.S.C. § 1983, alleging deprivations of his constitutional rights at Robinson Correctional Center (Robinson) related to the extraction of a broken and decayed tooth. (Doc. 13). Upon initial review, the Court allowed Plaintiff to proceed on a single claim of deliberate indifference to a serious medical need against Defendant Chapman, a dentist at Robinson. (Doc. 20).

On December 15, 2021, Chapman moved for summary judgment (Docs. 79, 80), and notified Plaintiff of his obligation to respond within 30 days (Doc. 81). To date, Plaintiff has not responded to Chapman's Motion for Summary Judgment.

## FACTS

The following facts are undisputed unless otherwise noted: Plaintiff's dental issues began in late December 2018. Plaintiff testified at his deposition that at the time his dental issue began,

Robinson did not have a full-time dentist. (Pltf. Dep., Doc. 80-1 at 15:14-17). Plaintiff received a temporary filling on January 5, 2019, and it was noted that his tooth should be extracted at his next visit. The temporary filling fell out, but when Plaintiff was seen by a dentist again, his tooth could not be removed at that time because it was infected. Plaintiff's tooth was removed on February 15, 2019. From February to May 2019, Plaintiff continued to experience pain, and pulled out fragments of bone or tooth from his gums on multiple occasions.

Chapman submitted an affidavit and medical records in support of his motion for summary judgment. He asserts that he first saw Plaintiff on February 1, 2019, and that the signature on the medical records shows that another dentist must have seen Plaintiff on January 5, 2019. He prescribed Plaintiff penicillin and Motrin on February 1, 2019 to address an infection and ongoing pain. (Doc. 80-2 at ¶4). He successfully extracted the tooth on February 15, 2019. The extraction was difficult because Plaintiff's tooth was tightly fit between other teeth. (*Id.* ¶ 5). Chapman opined that it is common for fragments of tooth or bone to break off and remain in the gum line with difficult extractions, but these fragments "eventually work themselves out." Plaintiff received instructions for post-operative care, as well as extra gauze and a prescription for 800mg of Motrin to manage his pain. Chapman re-examined Plaintiff on March 15, 2019, and noted that the removal site was healing with no dry socket or other infection. Chapman recommended a saltwater rinse and prescribed 400mg of Motrin.

Plaintiff was seen on multiple occasions after the extraction of his tooth for complaints of ongoing pain, but he never saw Chapman again. A dentist noted that by May 25, 2019, Plaintiff had removed loose bone fragments himself and that the extraction site had healed.

## DISCUSSION

Summary judgment is proper if there is no genuine issue as to any material fact and the

movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). The moving party bears the initial burden of demonstrating the lack of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once a properly supported motion for summary judgment is made, the adverse party must identify specific facts in the record showing that genuine issues of material fact exist precluding summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). In deciding a motion for summary judgment, the court "…must view all the evidence in the record in the light most favorable to the non-moving party and resolve all factual disputes in favor of the non-moving party." *Hansen v. Finantieri Marine Grp., LLC*, 763 F.3d 832, 836 (7th Cir. 2014).

"A prison official violates the Eighth Amendment by acting with subjective 'deliberate indifference' to an inmate's 'objectively serious' medical condition." *Reck v. Wexford Health Sources, Inc.*, 27 F.4th 473, 483 (7th Cir. 2022). A prison dentist is generally expected to provide care for an ailment causing serious pain, but an unsubstantiated disagreement with a dentist's chosen course of care does not amount to deliberate indifference. *See e.g., Dobbey v. Mitchell-Lawshea,* 806 F.3d 938, 940 (7th Cir. 2015). "[L]acking any evidence that the dentist's treatment plan was obviously inadequate, or a substantial departure from standard practice, [a plaintiff] cannot make out a claim of deliberate indifference. *Hoeft v. Kasten*, 393 Fed. App'x 394, 396 (7th Cir. 2010) (unpublished).

Plaintiff's primary contention is that his tooth should have been extracted on January 5, 2019 when he first saw a dentist at Robinson. However, Chapman avers that he did not treat Plaintiff on that date (Chapman Aff., Doc. 80-2 at 1-2), and the medical records submitted in support of summary judgment appear to show signatures by different providers on January 5, 2019,

and February 1, 2019. (Doc. 80-3 at 88). Plaintiff has provided no evidence affirmatively showing that he saw Chapman on January 5, 2019, or that Chapman had control of the care he received on that dated such that he could have directed a removal of the tooth. Because the undisputed evidence shows that Chapman did not treat Plaintiff on January 5, 2019, he cannot be liable for the treatment decisions made on that day.

As for Chapman's treatment of Plaintiff on February 1, February 15, and March 15, 2019, the medical records and Chapman's affidavit demonstrate that he selected a reasonable course of care, and that the outcome was consistent with what would be expected for this kind of dental care. Chapman averred that when he first saw Plaintiff on February 1, 2019, Plaintiff's gums were infected. He treated the infection and delayed tooth removal to avoid complications. (Chapman Aff. at 1-2; Doc. 80-3 at 88). The tooth was successfully removed on February 15, 2019 and on March 15, 2019, Chapman documented healing within normal limits. (*Id*. at 2; Doc. 80-3 at 88).

Plaintiff testified at his deposition that he was not fully aware of the possibility that tooth/bone fragments could remain in his gums, and that he believed the after-effects of the surgery were more painful than they should have been. (Pltf. Dep., Doc. 80-1 at 31:8-25, 32:3-17). These facts do not establish that Chapman was deliberately indifferent in the care he provided. At most, Plaintiff's deposition testimony shows that he desired a different course of care, which is insufficient to establish deliberate indifference. *See Dobbey*, 806 F.3d at 940. Chapman is entitled to summary judgment.

## CONCLUSION

Defendant Chapman's Motion for Summary Judgment (Doc. 79) is **GRANTED** in its entirety. Plaintiff's claims are **DISMISSED WITH PREJUDICE**. The Clerk of Court is **DIRECTED** to enter judgment accordingly and to close the case.

**IT IS SO ORDERED.**

**DATED: September 26, 2022**

*s/ Staci M. Yandle*
**STACI M. YANDLE**
**United States District Judge**
